UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-327-RJC

| | |
|---|---|
| ANTHONY JERMAINE CALDWELL, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> STATE OF NORTH CAROLINA, ) <br> ) <br> Respondent. ) <br> _____ ) | ORDER |

**THIS MATTER** comes before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

**I.    BACKGROUND**

Pro se Petitioner is a prisoner of the State of North Carolina who, on or about April 20, 2010, in Mecklenburg County Superior Court, was convicted by a jury of breaking and entering, carrying a concealed weapon, possession of a firearm by a felon, and of being a habitual felon. Petitioner was sentenced to 93-121 months in prison. Petitioner appealed, and the North Carolina Court of Appeals affirmed Petitioner's conviction on August 27, 2012. State v. Caldwell, 729 S.E.2d 732 (N.C. Ct. App. 2012). Petitioner alleges that he mailed a Motion for Appropriate Relief ("MAR") on November 6, 2012, but that the state courts never responded to the motion.

Petitioner placed the instant petition in the prison mailing system on May 22, 2013, and it was stamp-filed in this Court on May 28, 2013. See (Doc. No. 1). Petitioner alleges the following grounds for relief: (1) the state trial court did not have the jurisdiction to convict

1

Petitioner because it deprived Petitioner of the right to "reservate" his rights under the Uniform Commercial Code ("UCC") § 1-207-9; (2) the state trial court violated Petitioner's Sixth Amendment rights by failing to notify Petitioner of the "true nature of the action" against him, which was a civil action for a debt under the Uniform Commercial Code; (3) the government violated Petitioner's Fourth Amendment rights by arresting Petitioner with a warrant that was "not properly drawn up" and no one "swore to [Petitioner's] liability to any statute" nor to Petitioner being the "target person;" and (4) the state prosecutors violated the International Bill of Human Rights, Articles 9 and 14, and their oaths of office to uphold and abide by Joint House Resolution 192.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III. DISCUSSION

The Court first notes that Petitioner's inmate trust account shows that as of May 20, 2013, Petitioner had $0.00 in his inmate trust account. (Doc. No. 2 at 6). The Court will grant Petitioner's motion to proceed in forma pauperis, as he does not have sufficient funds with which to pay the $5.00 filing fee.

Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." Carson v. Burke, 178 F.3d 434, 437 (6th Cir. 1999). Petitioner's claims lack an arguable basis in law or in fact. In the first, second,

and fourth grounds for relief, Petitioner makes arguments typical of those made by persons who identify themselves with the so-called "sovereign citizens" movement. For instance, Petitioner contends that the state court prosecutors violated their oaths to uphold "Joint House Resolution 192." House Joint Resolution 192 (1933) provided for the suspension of the gold standard, an action by Congress having no conceivable bearing on the validity of petitioner's conviction or sentence. Additionally, Petitioner cites to the Uniform Commercial Code ("UCC") in his petition, but the UCC simply does not provide for his release from custody. The UCC governs commercial transactions and its provisions are wholly inapplicable to criminal judgments. In sum, Petitioner's first, second, and fourth grounds for relief are frivolous, as Petitioner has asserted no grounds on which his conviction could be said to violate the Constitution or laws or treaties of the United States.[1]

As for his third ground for relief, Petitioner contends that the government violated Petitioner's Fourth Amendment rights by arresting Petitioner with a warrant that was "not properly drawn up." Petitioner contends that "without the showing of liability on the face of any of the instruments, the prosecution failed to state a claim but through deceit all defects in process are waived with a lawyer, the DA . . . ordered my arrest 21 months after holding me under pre-trial detention without no evidentiary proof to do so." (Doc. No. 1 at 8). The North Carolina Court of Appeals found the following facts leading to Petitioner's convictions:

> On 29 May 2008, Officer David Lafranque of the Charlotte-Mecklenburg Police Department was assigned to a street crimes task force when he came across defendant while on patrol. Officer Lafranque testified that he pulled his patrol car into a parking lot and observed defendant and another man starting to walk in the opposite direction. Officer Lafranque parked his car and began to follow them. He testified that when defendant saw him, he "started holding the right side of his

---

[1] Even if Petitioner has not exhausted his state court remedies, this Court may still deny the petition on the merits. See 28 U.S.C. § 2254(b)(2).

> pocket." Officer Lafranque attempted to talk with defendant, but defendant turned and ran away. Officer Lafranque gave chase, identified himself as a policeman, and ordered defendant to stop. Officer Lafranque stated that he kept a close eye on defendant's hands, and the entire time he was running, defendant was holding his right pocket. Defendant ran towards a building and forced his way inside one of the apartments. Officer Lafranque knocked on the door and Kenyatta Bell opened the door. Bell told Officer Lafranque that defendant, whom she did not know, had run into her apartment. Bell testified at trial that defendant was holding a gun and ran into her kitchen. Officer Lafranque entered the apartment and started calling for defendant from the doorway. Defendant soon came down the stairs of the two-story apartment and Officer Lafranque handcuffed him. After Officer Lafranque arrested defendant, he asked Bell for permission to search the apartment. Bell consented. Officer Lafranque asked Bell where defendant ran to when he entered the apartment, and she told him defendant ran into the kitchen. Upon searching the kitchen, Officer Lafranque found a Colt .45 revolver on a top cabinet shelf.
>
> On 20 April 2010, defendant was convicted by a jury of misdemeanor breaking or entering, carrying a concealed weapon, and possession of a firearm by a felon. Defendant subsequently pled guilty to having attained habitual felon status. The trial court consolidated the convictions for judgment and sentenced defendant to a term of 93 to 121 months imprisonment.

State v. Caldwell, No. COA11-1599, 2012 WL 3192666, at *1 (N.C. Ct. App. Aug. 7, 2012).

In contending that he was illegally held in pre-trial detention, Petitioner is essentially contending that there was insufficient evidence on which to arrest and convict him. This third ground for relief is frivolous. On federal habeas review, the standard of review for a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979). Any claim of insufficient evidence is necessarily a due process claim. Furthermore, it is well-established that, in reviewing claims of insufficient evidence, courts "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant,

4

677 F.2d 1018, 1021 (4th Cir. 1982).

Petitioner's third ground for relief fails on the merits.[2] As the North Carolina Court of Appeals discussed in its opinion, after seeing Petitioner engaging in suspicious activity, Officer Lafranque witnessed Petitioner run towards some apartments. Officer Lafranque pursued Petitioner. One of the apartment tenants, Kenyatta Bell, opened the door to her apartment and told Officer Lafranque that Petitioner had run into her apartment. Bell testified at trial that Petitioner was holding a gun and ran into her kitchen. Upon searching the kitchen, Officer Lafranque found a Colt .45 revolver on a top cabinet shelf. Furthermore, at Petitioner's trial a DNA analyst testified that the firearm found at the apartment was consistent with a mixture of DNA from two people, and Petitioner could not be excluded as a possible contributor. State v. Caldwell, No. COA11-1599, 2012 WL 3192666, at *2 (N.C. Ct. App. Aug. 7, 2012).

Based on the above evidence, the government had probable cause to arrest Petitioner and to detain him on the charges for which he was ultimately convicted. Furthermore, the evidence at trial was sufficient to support Petitioner's convictions. In sum, Petitioner's third ground for relief is procedurally defaulted and wholly without merit.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2254 petition is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

---

[2] Petitioner did not raise this third ground for relief on direct appeal. If Petitioner had raised this claim in an MAR, the MAR court would have dismissed the claim as procedurally defaulted for failure to raise the claim on direct appeal. See N.C. GEN. STAT. §§ 15A-1419(a)(1), (a)(3), and (b) (providing that claim shall be denied when defendant is in adequate position to have raised it on appeal or in a prior MAR but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence).

2.  Petitioner's Section 2254 petition, (Doc. No. 1), is **DISMISSED**; and

3.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 18, 2013

Robert J. Conrad, Jr.
United States District Judge